UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL STEPHENS, | No. 2:22-cv-01791-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| M. FELDER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he has filed an application for leave to proceed in forma pauperis (ECF No. 2).

## Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). However, court records reflect, and plaintiff concedes (*see* ECF No. 1 at 2), that plaintiff was previously determined to have filed at least three cases that were dismissed for failure to state a claim or as frivolous, meaning that plaintiff is a three-strikes litigant for purposes of 28 U.S.C. § 1915(g). *See Stephen v. Zhang*, No. 2:12-cv-630-AC-P (E.D. Cal. Apr. 19, 2012); *Stephen v. Hernandez*, No. 08-cv-0750-BEN-BLM (S.D. Cal. June 20, 2008).

An exception to the three-strikes rule exists "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Here, plaintiff's complaint satisfies

the imminent danger exception. *See* ECF No. 1 at 3 (alleging that plaintiff is being denied a medication needed to manage side effects from radiation treatment for prostate cancer, putting him at risk for blood clots). Accordingly, plaintiff's application for leave to proceed in forma pauperis is granted. By separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

The only claims that may proceed in this action must relate to the alleged imminent danger.  *See Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022).  Here, the alleged imminent danger concerns plaintiff's need for a medication called sildenafil.  *See* ECF No. 1 at 3.  Plaintiff alleges that several of his doctors have recommended the medication to manage side effects from radiation therapy for prostate cancer.  *Id.*  Plaintiff alleges that defendants Felder and Gates have denied plaintiff the medication because it is a non-formulary drug.  *Id.*  Plaintiff alleges that without sildenafil he is at risk of poor blood flow and blood clots.  *Id.*

Plaintiff's allegations are not sufficient to survive screening because he has not clearly alleged that either Felder or Gates responded to his serious medical needs with deliberate indifference.  For purposes of the Eighth Amendment, deliberate indifference to serious medical needs consists of two requirements, one objective and the other subjective.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (quoting *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995)).  The plaintiff must first establish a "serious medical need" by showing that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991)).  "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent."  *Id.* (citing *McGuckin*, 974 F.2d at 1060).  The subjective element is satisfied where prison officials "deny, delay or intentionally interfere with medical treatment."  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Inadequate treatment due to medical malpractice,

3

negligence, or even gross negligence, does not rise to the level of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (quoting *Estelle*, 429 U.S. at 105-06); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

In an amended complaint, if plaintiff chooses to file one, he should specify how each individual defendant responded to his serious medical needs with deliberate indifference and how their acts or omissions caused him harm. If possible, plaintiff should more clearly allege (1) what side effects he is experiencing from radiation treatment that could be managed by sildenafil and (2) whether plaintiff has been offered any alternatives to sildenafil that would meet his medical needs. Plaintiff should also more clearly allege whether any defendant denied, delayed, or intentionally interfered with plaintiff's ability to take sildenafil, knowing that it would pose a serious risk of harm to plaintiff.

<u>Leave to Amend</u>

Plaintiff is further cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Nor, as he was warned above, may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and
4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: December 9, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5