UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL STEPHENS, | No. 2:22-cv-01791-EFB (PC) |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| M. FELDER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. On December 12, 2022, the court screened plaintiff's complaint under 28 U.S.C. § 1915A, dismissing it with leave to amend. ECF No. 5. His amended complaint is now before the court for screening.

**I.      Background and Miscellaneous Filings**

In its initial screening order, the court found that plaintiff is a "three-strikes" litigant under 28 U.S.C. § 1915(g). The court granted plaintiff in forma pauperis status, however, under the imminent danger exception to the three strikes rule, because he alleged that he was being denied a medication needed for radiation treatment side effects, putting him at risk for blood clots. The court noted that the only claims that may proceed in this action must relate to that imminent danger, and thus did not address an additional claim in the complaint regarding issues in the institution's mailroom.

1

    The court dismissed plaintiff's claim regarding the denial of medication (Sildenafil) because he had not alleged clearly that defendants Felder and Gates responded to his serious medical needs with deliberate indifference. The court directed plaintiff to specify, in his amended complaint, how each individual defendant responded to his serious medical needs with deliberate indifference and how their acts or omissions caused him harm. The court also asked plaintiff to specify whether any defendant delayed, denied, or intentionally interfered with plaintiff's ability to take Sildenafil, knowing it would cause a substantial risk of serious harm to plaintiff. The court directed plaintiff not to include new, unrelated claims in the amended complaint.

    Plaintiff filed an amended complaint on December 21, 2022. ECF No. 8. On February 1, 2023, he filed a request to file a second amended complaint and the second amended complaint itself. ECF Nos. 9, 10. And on February 10, 2023, he filed a motion to strike that second amended complaint. ECF No. 11. The latter request is granted and the Clerk is directed to strike the second amended complaint. Below, the court screens the first amended complaint.

**II.    Screening Requirement**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

    A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

1     To avoid dismissal for failure to state a claim a complaint must contain more than "naked
2  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
3  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
4  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
5  678.
6     Furthermore, a claim upon which the court can grant relief must have facial plausibility.
7  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
8  content that allows the court to draw the reasonable inference that the defendant is liable for the
9  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
10 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
11 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
12 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

13 **III.    Screening Order**

14    Plaintiff's amended complaint again includes a claim that does not relate to the imminent
15 danger plaintiff may face from being denied Sildenafil.  His second claim presents allegations
16 concerning institutional mail and grievance policies.  These allegations do not relate to the
17 imminent danger alleged in the original complaint and must be dismissed.
18    Plaintiff also reasserts his claim concerning the denial of Sildenafil.  However, plaintiff
19 has again failed to include facts that illustrate his conclusory claims that defendant Felder
20 "willfully, intentionally, denied, delayed" treatment for plaintiff's radiation therapy side effects
21 by denying a prescription for Sildenafil.  The complaint lacks facts that would show that any
22 defendant knew that plaintiff faced a substantial risk of serious harm if not provided Sildenafil but
23 nevertheless refused to provide it.
24    The court will provide plaintiff one last opportunity to state a viable claim that any
25 defendant acted with deliberate indifference to his serious medical needs by denying him a
26 Sildenafil prescription.  In his second amended complaint, plaintiff should assert the facts that
27 underpin this claim – instead of formulaic recitals of words such as "willfully, intentionally,
28 /////

denied, delayed treatment," plaintiff must state facts from which it can be inferred that each defendant knew that denying Sildenafil presented a substantial risk of serious harm to plaintiff.

Plaintiff is further cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor may he bring multiple, unrelated claims against more than one defendant. *Id*.

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

### IV. Order

Accordingly, it is ORDERED that:

1. Plaintiff's February 1, 2023 motion to file a second amended complaint (ECF No. 9) is DENIED;
2. Plaintiff's February 10, 2023 motion to strike the second amended complaint (ECF No. 11) is GRANTED, and the Clerk of Court is directed to strike the February 1, 2023 second amended complaint (ECF No. 10);

/////
/////
/////
/////

3. Plaintiff's December 21, 2022 amended complaint (ECF No. 8) is dismissed with leave to amend within 30 days of service of this order; and

4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: March 30, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE