UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL STEPHENS, | No. 2:22-cv-01791 EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| M. FELDER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On March 30, 2023, the court screened plaintiff's first amended complaint (FAC) under 28 U.S.C. § 1915A, dismissing it with leave to amend. ECF No. 14. Plaintiff's second amended complaint (SAC) is now before the court for screening.

**I.     Background**

In its initial screening order issued December 12, 2022, the court found that plaintiff is a "three strikes" litigant under 28 U.S.C. § 1915(g). ECF No. 5. The court granted plaintiff in forma pauperis status under the imminent danger exception to the three strikes rule, because he alleged that he was being denied a medication (Sildenafil) needed for radiation treatment side effects, putting him at risk of blood clots. The court explained that only claims concerning that alleged imminent danger could proceed in this action, and gave plaintiff leave to file an amended complaint.

1

In its second screening order of March 30, 2023, the court reviewed the FAC, focusing on plaintiff's allegations that defendant M. Felder, allegedly the Chief Medical Executive (CME) at California State Prison—Solano, willfully denied plaintiff's prescription for Sildenafil. ECF No. 14 at 3. The court concluded that the FAC "lacks facts that would show that any defendant knew that plaintiff faced a substantial risk of serious harm if not provided Sildenafil but nevertheless refused to provide it." *Id.*

"In his second amended complaint," the court continued, "plaintiff should assert the facts which underpin this claim—instead of formulaic recitations of words such as 'willfully, intentionally, denied, delayed treatment,' plaintiff must state facts from which it can be inferred that each defendant knew that denying Sildenafil presented a substantial risk of serious harm to plaintiff." *Id.* at 3-4. Moreover, "any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving [plaintiff] of his constitutional rights." *Id*. at 4, citing *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Against this backdrop, the court proceeds to review the SAC.

**II.     The SAC**

In the SAC, plaintiff names two defendants: M. Felder and S. Gates. ECF No. 15 at 2. In administrative grievance documents attached to the complaint, S. Gates is the health appeals official who authored a May 13, 2022 letter to plaintiff, denying his request for Sildenafil, better known by its brand name Viagra. *Id.* at 22-24. M. Felder is a California State Prison-Solano medical official who denied plaintiff's request for Sildenafil in a February 8, 2022 response. *Id.* at 31-32.

Plaintiff alleges that he was prescribed Sildenafil multiple times in 2022, but that denial was "ongoing by CME Felder." *Id.* at 3. Plaintiff does not allege any facts suggesting that Felder knew that denying him Sildenafil would put him at substantial risk of harm due to blood clots, or for any other reason. *See id.* at 4-5. In his February 2022 letter attached to the complaint, defendant Felder states that a review of plaintiff's records "indicate Viagra is not medically necessary . . . at this time." *Id.* at 31. Plaintiff has not alleged facts showing this response was

/////

2

deliberately indifferent under Eighth Amendment, and the SAC does not cure the deficiencies outlined the court's earlier screening order as to defendant Felder.

Similarly, plaintiff does not allege facts suggesting that defendant Gates had reason to believe that denying plaintiff Viagra would put him at risk of serious harm. *See* ECF No. 15 at 3-6. In the May 2022 letter attached to the complaint, Gates states that plaintiff was advised in November 2021 that "treatment for erectile dysfunction is not medically necessary" under prison regulations, and that plaintiff's primary care provider "did not document a current condition that meets the criteria for non-formulary use of sildenafil." *Id.* at 23. Plaintiff has not alleged facts showing this response was deliberately indifferent under Eighth Amendment, and the SAC does not cure the deficiencies outlined the court's earlier screening order as to defendant Gates.

Under the Eighth Amendment, a deliberate indifference claim concerning prison medical care requires a showing that the defendant, acting with a state of mind more blameworthy than negligence, delayed, denied, or interfered with the treatment of plaintiff's serious medical needs. ECF No. 15 at 3, *citing Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Like the two prior complaints, the SAC fails to state a cognizable claim under this standard.

Despite notice of the deficiencies in the complaint and two opportunities to amend, plaintiff is unable to state a claim upon which relief could be granted. The court finds that further leave to amend is not warranted. *See Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Accordingly, it is hereby ORDERED that a district judge be assigned to this action.

It is hereby RECOMMENDED that plaintiff's second amended complaint (ECF No. 15) be DISMISSED without leave to amend and with prejudice, for failure to state a claim upon which relief could be granted, and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 18, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE